UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| IAN L. RAWLS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 3:14 CV 1795 |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Ian L. Rawls, a *pro se* prisoner, brings this habeas corpus case attempting to challenge his removal from the work release program and his placement in the LaPorte County Jail. Rawls was convicted of robbery and sentenced to twelve years by the LaPorte Superior Court on March 22, 2011, under cause number 46D01-1007-FB-143. He was serving his sentence in the work release program, but was removed when he was fired from his job. Rawls argues that his termination was improper and that he has not yet been given a hearing to determine whether his reassignment from work release to the jail was proper.

Rawls is a convicted prisoner serving a sentence imposed by a State court. There is no Constitutional liberty or property interest in participation in a work release program or in a prison work camp. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992); *Joihner v. McEvers*, 898 F.2d 569 (7th Cir. 1990). "[T]he Indiana work release scheme does not create a protectible [sic] entitlement." *Young v. Hunt*, 507 F. Supp. 785, 789 (N.D. Ind. 1981). Though *Young* was addressing the state work release program

rather than a county work release program, the analysis is the same. A prison or jail does not need a reason to relocate a convicted inmate, nor is a prisoner entitled to due process before he is relocated. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Because Rawls was not entitled to due process before he was removed from work release and placed in the LaPorte County Jail, he is not entitled to habeas corpus relief.

For the foregoing reasons, this case is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4.

**SO ORDERED.**

Date: August 28, 2014

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT